UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARCUS CARTER,

Defendant.

Case No. 2:13-cr-20422-1

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND APPOINTMENT OF COUNSEL [45]**

Defendant Marcus Carter moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), and for an appointment of counsel to assist with the motion. ECF 45. Defendant also offered a supplemental brief, ECF 46, that the Court will accept. *See* E.D. Mich. L.R. 7.1(d)(1)(A); E.D. Mich. Crim. L.R. 12.1(a).

In the briefs, Defendant argued that the Court should reduce his sentence for two reasons. Defendant first claimed that his underlying health conditions of having a body-mass index ("BMI") over thirty and his earlier COVID-19 diagnosis placed him at higher risk for severe illness from COVID-19. ECF 45, PgID 154; ECF 46, PgID 157–59. Defendant also claimed that if he were sentenced today, then he would no longer be a career offender. ECF 46, PgID 159.

The Government responded and pointed out that Defendant did not exhaust his career offender argument. ECF 50, PgID 195. Rather, Defendant requested only that the Bureau of Prisons ("BOP") release him because he was "over 30+ BMI and

a[n] African American male." ECF 51-1, PgID 213 (under seal). The Government also provided the Court with Defendant's medical records that showed Defendant—a forty-six-year-old male—fully recovered from an asymptomatic COVID-19 diagnosis. *Id.* at 234 (under seal). What is more, the records detailed that Defendant had the rare opportunity to receive the COVID-19 vaccine months before the shot was widely distributed to the public. *Id.* at 269–70 (under seal). But Defendant refused. *Id.* (under seal). For the following reasons, the Court will decline to appoint counsel and deny the compassionate release motion.

I. <u>Motion to Appoint Counsel</u>

"[T]he Court has discretion to appoint counsel if the interests of justice so requires." *United States v. Oliver*, No. 3:17-CR-41-3, 2020 WL 2310391, at *3 (E.D. Tenn. May 8, 2020) (citing 18 U.S.C. § 3006A). But "there is no general constitutional right to appointed counsel in post-conviction proceedings, . . . including proceedings under 18 U.S.C. § 3582(c)." *Id.* (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), and *United States v. Bruner*, No. 5:14-CR-05, 2017 WL 1060434, at *2 (E.D. Ky. Mar. 21, 2017)). "This is because a motion filed under § 3582(c)(2) 'is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual.'" *Bruner*, 2017 WL 106434 at *2 (quoting *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (alterations in original)). And Defendant's motion, like most § 3582(c)(2) motions, is "not a particularly complex claim factually

or legally[.]" *United States v. Ryerson*, No. 3:09-CR-66-1, 2020 WL 3259530, at *2 (E.D. Tenn. June 16, 2020).

Because counsel in a post-conviction proceeding is discretionary, and because Defendant has not shown a likelihood of success of obtaining the relief he seeks, appointing counsel will not serve the interests of justice, and is inappropriate. The Court will therefore deny the motion to appoint counsel.

II. Motion for Compassionate Release

For Defendant's compassionate release motion, the Court will first address Defendant's career offender argument. After, the Court will address Defendant's health concerns.

*A. Career Offender*

Under the First Step Act's compassionate release provision, the Court may modify Defendant's sentence only if: (1) he has exhausted all administrative remedies, or (2) thirty days have passed since the warden received Defendant's request for the BOP to bring a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). The exhaustion condition is "mandatory." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (alteration in original) (quoting § 3582(c)(1)(A)). It is Defendant's burden to establish that he has exhausted all his administrative remedies. *See United States v. Pena-Lora*, No. 15-20695, 2020 WL 3886384, at *1 (E.D. Mich. July 9, 2020) (citation omitted). And, most importantly, a defendant fails to exhaust his administrative remedies when "the factual basis in the administrative request and

the motion before the [C]ourt are different[.]" *United States v. Asmar*, 465 F. Supp. 3d 716, 719 (E.D. Mich. 2020).

Because Defendant requested only that the BOP release him because of his health and the COVID-19 pandemic, but not because of Sentencing Guidelines changes, Defendant has not exhausted the career offender argument. ECF 51-1, PgID 213 (under seal). Simply put, the BOP never had "an opportunity to act on the request before Defendant [moved for compassionate release]." *Asmar*, 465 F. Supp. 3d at 719. As a result, the Court will deny Defendant's career offender sentencing argument as unexhausted.

*B. Health Concerns*

Because Defendant has exhausted his request for compassionate release based on his health, ECF 51-1, PgID 213 (under seal), he must satisfy "three substantive requirements" for the Court to grant compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). First, the Court must "find[] that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* at 1003 (quoting § 3582(c)(1)(A)(i)). Second, the Court must "find that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1005 (quoting § 3582(c)(1)(A) (alterations omitted)); *but see United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021) (explaining that district courts "may now 'skip step two'" because there is no applicable policy statement) (quoting *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020)). Third, the Court must consider

the applicable § 3553(a) sentencing factors. *Ruffin*, 978 F.3d at 1005 (quoting § 3582(c)(1)(A)).

For the first requirement, Defendant must show that "extraordinary and compelling reasons" warrant a reduction in sentence. § 3582(c)(1)(A)(i). "[D]istrict courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1111; *Ruffin*, 978 F.3d at 1007).

"Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling[.]'" *United States v. Powell*, No. 2:12-cr-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) (Murphy, J.) (collecting cases). An "extraordinary and compelling reason" for compassionate release is one that is "beyond what is common, and the forcefulness of the evidence tends to convince the Court to release the inmate." *Id.* (internal quotation marks and quotations omitted). "Put another way, an extraordinary and compelling reason is one that is beyond what is usual, customary, regular, or common, and is so great that irreparable harm or injustice would result if the relief is not granted." *Id.* (cleaned up).

But Defendant's claimed "extraordinary and compelling reasons" are not persuasive for three reasons. First, there is nothing uncommon about the risks that Defendant faces to serious illness because of his obesity. Indeed, "[o]besity and overweight are common conditions; 42% of American adults are obese and 32% are overweight." *United States v. Mungarro*, No. 07-20076, 2020 WL 6557972, at *2 (E.D.

Mich. Nov. 9, 2020) (Cleland, J.) (collecting sources). Nor is obesity a compelling reason to warrant compassionate release because "[w]ith monitoring and effective lifestyle changes, high [BMI] can be improved, if not fully treated." *Id.* (collecting sources). All told, the Court is confident that Defendant can take proactive steps to monitor and reduce his BMI. Because of that, Defendant's high BMI does not warrant compassionate release.

Second, Defendant's COVID-19 reinfection concerns are overblown. For one, Defendant's COVID-19 diagnosis was uneventful—he lacked symptoms. ECF 51-1, PgID 234 (under seal). For another, the existing scientific consensus does not support Defendant's COVID-19 concerns. Research from the National Institutes of Health ("NIH") has explained that ninety-five percent of individuals who recover from COVID-19 have up to eight months immunity to the virus. *See Lasting Immunity Found After Recovery From COVID-19*, NIH, (Apr. 1, 2021), https://bit.ly/3rHl6nB, [https://perma.cc/M9RJ-LMDE]. Other courts in the Eastern District of Michigan have reviewed the scientific literature and found that the extremely low COVID-19 reinfection risk is not an extraordinary and compelling reason under the First Step Act. *See Mungarro*, 2020 WL 6557972, at *3; *United States v. Lawrence*, No. 17-20259, 2020 WL 5944463, at *2 (E.D. Mich. Oct. 7, 2020) (Roberts, J.) (collecting cases).

Finally, the Court is not persuaded that Defendant is concerned about the actual health risks from re-contracting COVID-19. First, COVID-19 reinfection is very rare. *Mungarro*, 2020 WL 6557972, at *3 (collecting sources). With that in mind, Defendant can reduce his small chance of reinfection even more through vaccination.

*See United States v. Toney*, No. 17-20184, 2021 WL 1175410, at *1 (E.D. Mich. Mar. 29, 2021) (Levy, J.) (collecting sources on the effectiveness of COVID-19 vaccines). But Defendant declined to receive the COVID-19 vaccine. ECF 51-1, PgID 270 (under seal). Courts in the Eastern District of Michigan routinely "refuse[] to find extraordinary and compelling medical circumstances when a defendant declines the COVID-19 vaccine." *Id.*; *see, e.g.*, *United States v. Austin,* No. 15-20609, 2021 WL 1137987, at *2 (E.D. Mich. Mar. 25, 2021) (Cleland, J.). The finding is even more straightforward here because Defendant moved for compassionate release *after* he refused the COVID-19 vaccine. ECF 45, PgID 155 (moving for compassionate release on February 16, 2021); ECF 51-1, PgID 270 (refusal to receive the vaccine on February 2, 2021) (under seal). Altogether, even if there were good reasons to refuse a COVID-19 vaccine, Defendant never explained why he did so. In sum, the Court will deny compassionate release because no extraordinary or compelling reasons warrant Defendant's release.

**WHEREFORE**, it is hereby **ORDERED** that the motion for compassionate release and appointment of counsel [45] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 8, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 8, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager